UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| DANIEL MILLER, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>WESTFIELD NATIONAL INSURANCE COMPANY,<br><br>    Defendant. | Civil No. 3:23-cv-00056-GFVT<br><br>**MEMORANDUM OPINION**<br>**&**<br>**ORDER** |

*** *** *** ***

Ms. Miller was struck at an intersection by an underinsured motorist.  Then, the Millers' insurance company allegedly failed to pay out.  Because Ms. Miller's husband states a claim for breach of contract against Westfield National Insurance Company, its Motion to Dismiss **[R. 5]** is **DENIED.**

**I**

Heidi Miller was turning left at an intersection in Frankfort, Kentucky when she was hit by a motorist running a red light.[1]  [R. 1-1 at 2.]  She suffered serious and permanent injuries.  *Id.* at 2–3.  The offending motorist's insurance company tendered the policy limits to the Millers.  *Id.* at 5.  Now, Daniel Miller (Ms. Miller's husband) brings a claim against the Millers' insurer for breach of contract.  *See generally id.*  Mr. Miller, who sues individually and on behalf of the Millers' minor children, asserts entitlement to underinsured motorist (UIM) benefits under the

---

[1] The facts recounted here are taken from the Plaintiffs' Complaint.  At the Motion to Dismiss stage, the Court presumes their truth while making reasonable inferences in the Plaintiffs' favor.

Policy. *Id.* at 5.  Now, The Millers' insurer (Westfield National Insurance Company) moves to dismiss for failure to state a claim.  [R. 5.]

## II

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the plaintiffs' complaint.  Fed. R. Civ. P. 12(b)(6).  In reviewing a Rule 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  However, a court "'need not accept as true legal conclusions or unwarranted factual inferences.'"  *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In other words, "[t]he factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555).

As a threshold matter, neither party attaches the full Policy for the Court's review. However, in their response brief, Plaintiffs provide a singular "Definitions" page.  [R. 6-1.]  That page is appropriately considered on 12(b)(6) review.  *See Father Flanagan's Boys Home v. Donlon*, 449 F. Supp. 3d 739, 746 (S.D. Ohio 2020) (considering a document appended to the Plaintiff's response brief because it was "referenced in the Complaint" and "central to Plaintiff's claims").

Westfield advances two arguments in favor of dismissal: first, the children's claim for loss of consortium benefits is untenable because Ms. Miller is alive. [R. 5-1.] Second, the UIM claim is barred by Mr. Miller's failure to sue the tortfeasor within the requisite limitations period. *Id.* The Court will reject both of these arguments.

A

First, the Court declines to dismiss the breach of contract claim as it relates to "loss of consortium" benefits under the Policy. Much ink has been spilled in the briefing about whether a loss of consortium claim can exist unmoored from a wrongful death action. [R. 5-1; R. 6.] But the parties' assessments of Kentucky's seminal cases on that matter are tangential to the issue at hand. Although Mr. Miller styles his claim under the Policy as one for "loss of consortium," the actual cause of action in his lawsuit is breach of contract. Specifically, he asserts that he and his children are entitled to "bodily injury" benefits under the Policy based on the losses they have suffered because of Ms. Miller's injuries. [R. 1-1 at 5.] The Court need not wade into the minutiae of loss of consortium jurisprudence because no such cause of action is asserted. *Cf. Daley v. Reed*, 87 S.W.3d 247, 249 (Ky. 2002) ("Of course, the existence of a cause of action for damages does not mean that those damages are *ipso facto* recoverable from a particular policy of insurance.").

According to Miller, the "loss of consortium" claims based on "required care and loss of services suffered by Mrs. Miller's children and husband . . . are actually separate bodily injuries pursuant to Westfield's own definition." [R. 1-1 at 5]. Accordingly, he appears to urge individual bodily injuries on behalf of each Plaintiff, separately payable within the "each person" limits of the Policy. *See Daley*, 87 S.W.3d at 248 ("[A] claim for loss of spousal [or parental] consortium is payable under the 'each person' limit, not the 'each accident' limit, of a policy of

3

automobile liability insurance."). The Policy's "Definitions" page defines a "bodily injury" as "bodily harm, sickness or disease, including required care, loss of services and death that results." [R. 6-1]. Without a copy of the full Policy, Miller's interpretation is at least plausible. Accordingly, the Court will decline to dismiss the breach of contract claim for bodily injury benefits. *See EQT Prod. Co. v. Big Sandy Co., L.P.*, 590 S.W.3d 275, 293 (Ky. Ct. App. 2019) ("[T]he elements for a breach of contract [] requir[e] proof of the existence of a contract, of a breach of that contract, and that the breach caused damages.").

**B**

Next, Westfield states that Mr. Millers' claim for UIM benefits is foreclosed by his failure to sue the tortfeasor within the requisite statute of limitations (which Westfield asserts would be one year for a loss of consortium claim).[2] [R. 5-1 at 5–7]; *see* Ky. Rev. Stat. Ann. § 413.140. Again, this argument fails.

"Kentucky Revised Statute 304.39-320 allows an insured to purchase insurance coverage that requires his or her own policy holder to pay the difference between any judgment recovered against the tortfeasor and that which remains unpaid from any insurance policy held by the tortfeasor." *Robinson v. State Farm Mut. Ins. Co.*, No. CV 05-210-GFVT, 2007 WL 9751943, at *2 (E.D. Ky. Sept. 28, 2007).

> [W]hile the policy limits specified in the tortfeasor's policy must be exhausted before the UIM carrier has an obligation to pay, the liability of the tortfeasor and the amount of damages sustained are elements that must be established in measuring the UIM carrier's obligation and not a statutory precondition to coverage.

---

[2] Typically, a claim arising out of a motor vehicle accident would be governed by the Kentucky Motor Vehicle Reparations Act (KMVRA), which provides for a 2-year statute of limitations. Ky. Rev. Stat. Ann. § 304.39-230. However, Westfield urges the application of a one-year period, instead. The Court need not address the complexities of this issue because Westfield's argument fails either way.

*Coots v. Allstate Ins. Co.*, 853 S.W.2d 895, 899 (Ky. 1993). "The UIM carrier's liability is measured by the liability of the tortfeasor and the amount of the tortfeasor's insurance or lack thereof." *Cincinnati Ins. Co. v. Samples*, 192 S.W.3d 311, 315 (Ky. 2006); *see also id.* at 316 ("The UIM carrier is liable for damages only to the extent to which the underinsured tortfeasor is or could have been held liable.").

Westfield advises that Ms. Miller already settled her bodily injury claims with the tortfeasor and his insurer, and that the settlement released the tortfeasor and insurer from all claims. [R. 5-1 at 1–2.] Accordingly, Westfield queries whether Mr. Miller may sue for UIM benefits when he apparently was not a party to the settlement between the tortfeasor, the tortfeasor's insurer, and Ms. Miller. [R. 5-1 at 5–6.]

Rule 12(b)(6) review confines the Court's analysis to the facial sufficiency of the Complaint. *See Kott v. Howmedica Osteonics Corp.*, No. 15-CV-11349, 2015 WL 13037419, at *5 (E.D. Mich. Oct. 13, 2015) ("The Court cannot consider facts outside the confines of the complaint in determining whether [a] complaint survives a motion to dismiss."). The Complaint alleges simply that "Dewey Wells a/k/a Dewy Wells, the tortfeasor, was insured by a liability policy purchased from Allstate Insurance Company which tendered the liability policy limits on December 1, 2022. As such Dewey Wells a/k/a Dewy Wells is underinsured and Westfield Insurance Company is obligated to pay Plaintiffs' damages pursuant to the underinsured motorist policy[.]" [R. 1-1 at 5.] In their Response Brief, Plaintiffs add that "[u]nder Mr. Wells' policy, a loss of consortium claim is subject to the per-person policy limits, thus, Mr. Miller could not assert a separate claim against the tortfeasor." [R. 6 at 5.] But the Court cannot consider these new facts alleged in the Response. *See* Fed. R. Civ. P. 12(d); *Neff v. Standard Fed. Bank*, No. 2:06-cv-856, 2007 WL 2874794, at *9 (S.D. Ohio Sept. 27, 2007). Restricting its review to the

allegations in the Complaint, Mr. Miller at least states a claim.  He alleges damages, tortfeasor liability, and exhaustion of the tortfeasor's policy limits.

Westfield resists this conclusion, relying on *Jackson v. Estate of Day* for the proposition that Mr. Millers' UIM claim is foreclosed by his failure to sue the tortfeasor within the requisite statute of limitations.  No. 2017-CA-000460-MR, 2018 WL 1136099 (Ky. Ct. App. Mar. 2, 2018), *aff'd*, 595 S.W.3d 117 (Ky. 2020).  The *Jackson* Plaintiffs attempted to sue their UIM carrier and the tortfeasor's estate in the same lawsuit, after the limitations period applicable to the estate had expired.  *Id.*  Affirming a judgment for the Defendants, the Court of Appeals of Kentucky explained that "the insured is not entitled to payments under his UIM policy that he could not recover against the tortfeasor."  *Id.* at *4; *see also id.* at 5 ("[T]he tortfeasor's liability is an element of a UIM claim.").  Because the statute of limitations foreclosed liability for the estate, the plaintiffs could not recover against their insurance carrier, either.  *See id.* at *4 ("The UIM carrier and the tortfeasor are 'codebtors *in solido*,' *i.e.*, they are jointly and severally liable for damages recoverable as a result of the tortfeasor's negligence." (quoting *Coots*, 853 S.W.2d at 902)).

But the facts in *Jackson* are different from the facts here.  Mr. and Ms. Miller (a married couple) are both insureds under the policy.  Unlike in *Jackson*, Mr. Miller alleges that the tortfeasor's insurer already paid the policy limits.  [R. 1-1 at 5.]  Miller further states that he informed Westfield of its right of subrogation (as required under Ky. Rev. Stat. Ann. § 304.39-320), and that Westfield waived its subrogation rights.  *Id.* at 4.

"[I]t does not abrogate UIM coverage to settle with the tortfeasor and his carrier for the policy limits in his liability coverage, so long as the UIM insured notifies his UIM carrier of his intent to do so and provides the carrier an opportunity to protect its subrogation[.]"  *Coots*, 853

6

S.W.2d at 900. Of course, Westfield is correct that "the policy limits specified in the tortfeasor's policy must be exhausted before the UIM carrier has an obligation to pay[.]" *Id.* at 899. But here, Mr. Miller alleges that they were. Moreover, 12(b)(6) dismissal of his Complaint would be inappropriate.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that the Defendant's Motion to Dismiss **[R. 5]** is **DENIED.**

This the 13th day of September, 2024.

Gregory F. Van Tatenhove
United States District Judge